## LOCKE v. LOCKE.

### No. 3704.

Court of Civil Appeals of Texas. Beaumont.

Aug. 3, 1940.

Rehearing Denied Sept. 25, 1940.

S. C. Lipscomb and A. D. Lipscomb, both of Beaumont, for appellant.

Howth, Adams & Hart, of Beaumont, for appellee.

COMBS, Justice.

Appellant and appellee were formerly husband and wife. They were permanently separated in 1930, but were not divorced until 1937. The divorce judgment decreed a one-half interest in the community property to Mrs. Locke, but did not partition it. Sometime after the divorce decree was entered, the real estate was partitioned by agreement. This suit was brought by Mrs. Locke, as plaintiff, appellee here, in the nature of a suit for debt and accounting upon allegations that the appellant had earned, between the separation in 1930 and the divorce in 1937, the amount of $36,300 and had received

**638**

certain other income. Also that he had accumulated .cash surrender values of certain life insurance policies held by him in the aggregate amount of $3,672.66, as of the date of the divorce in 1937, it being alleged that the premiums on said policies had been paid out of the community funds. So far as. necessary to be stated here the court's judgment in this case decreed to appellee, Mrs. Locke, $7,236.33, including therein three items of which the appellant makes complaint. These were: (1) One-half the cash surrender value of the insurance policies as of the date of the divorce decree; (2) $3,900 being one-half of the amount which the jury found was withdrawn by the appellant from "the community estate in excess of his living expenses" and sums expended for the community property; (3) attorney's fee in the amount of $250.

As of the date of the divorce decree, the life insurance policies held by Mr. Locke had a cash surrender value of $3,672.66. The premiums on said policies had been paid with community funds. It is our conclusion that the trial court properly gave judgment in favor of Mrs. Locke for an amount equal to one-half of such cash surrender value of the policies. Russell v. Russell, Tex.Civ.App., 79 S.W.2d 639, 640, and authorities cited. While, as pointed out in the Russell case, the wife had no right of control over the policies, and the court would have no authority to compel Mr. Locke to surrender the policies for collection of cash surrender values, or otherwise to control the contract between the insured and the insurer, nevertheless it cannot be questioned that the cash surrender value of the policies was an asset acquired or built up through payment of the premiums on the policies. A cash surrender value of life insurance policy such as here involved accumulates by reason of the payment of amounts in excess of those required to provide the life insurance alone. In the present case the cash surrender value of the policies was acquired during marriage by purchase with community funds, and not by "gift devise or descent." At the time of the divorce, the cash surrender value of the policies was property. Such property clearly did not come within the classification of the separate property of either spouse and therefore must be deemed to have been property of the community estate of appellant and appellee. Lee v. Lee, 112 Tex.

392, 247 S.W. 828. This being so, appellant should account to appellee for the value of her half interest in the cash surrender value of the policies.

The jury found that appellant between the date of the separation, November · 1, 1930, and the date of the divorce in 1937, converted to his own use, in excess of his own living expenses and necessary expenditures in the preservation of the community estate, the sum of $3,900. The trial court entered judgment in favor of Mrs. Locke in that amount. This was error. Mr. Locke was not guilty of any fraud toward appellee, Mrs. Locke, in the handling of the community estate. The statute, Vernon's Ann.Civ.St. Art. 4619, provides that the community property "may be .disposed of by the husband only". Such right of the husband to manage, control, and dispose of the community property is absolute so long as it is not exercised for the purpose of defrauding the wife. Jones v. Jones, Tex.Civ.App., 146 S.W. 265. And,. barring any disposition or dissipation of the property made with intent to defraud the wife, the husband may sell or even give it away. Shaw v. Shaw, Tex.Civ.App., 28 S.W.2d 173. It was therefore essential that Mrs. Locke establish fraud toward her on the part of the appellant in his management of the community property as a predicate for her right to recover the $3,900 item.

We think the trial court also erred in entering judgment against appellant for $250 attorney's fee. As a matter of law, this item was not recoverable in this action. It is the law of this state that a wife may recover reasonable attorney's fee from the husband in a suit for divorce wherein she is compelled by the wrongs of the husband to employ counsel to protect her rights. But this case is not that kind of `a suit. The divorce case between appellant and appellee was disposed of nearly three years ago. And while the present suit does involve an accounting of community property acquired during the marriage relation, it is not a divorce case or even a suit between husband and wife. So far as the right to recover attorney's fee is concerned it is no different from any other law suit between two individuals wherein there was no contract to pay attorney's fee. We think this item is not recoverable in this case. Wm. Cameron & Co. v. Jones, 41 Tex.Civ.App., 4, 90 S.W. 1129; Tex.Jur. Vol. 11, p. 202;

Houston Prod. Co. v. Taylor, Tex.Civ. App., 33 S.W.2d 202.

The judgment of the trial court will be reformed by eliminating therefrom the items of $3,900 and $250 above mentioned and as so reformed the judgment of the trial court is affirmed.

Reformed and affirmed.