The appellant did not testify as a witness in his own behalf.

Appellant objected to the admission in evidence of testimony showing the result of the search of his premises because the State did not, as a condition precedent to the introduction of said testimony exhibit a valid search warrant authorizing the search. The trial court's qualification to the bill of exception presenting this matter shows that the objection was overruled and that the testimony showing the result of the search was admitted "for the reason that the defendant had assented to the search."

The statement of facts shows that the sheriff, Mr. Cartwright, told appellant that he (the sheriff) had a search warrant and asked if appellant wanted it, and appellant said no, he had no use for the warrant, and told the officers to go ahead and search. Bills of exception numbers one and two both relate to objections interposed when the officers were asked to state what they found as a result of the search, the objection being that no search warrant had been "introduced in evidence." The trial court's qualification to each of said bills shows that the officers were permitted to testify as to the result of the search because appellant had consented thereto. So far as the record shows no search warrant was exhibited, and reliance was had on the claimed consent of appellant to the search.

 The officers having told appellant they had a search warrant, his assent to the search under such circumstances is not a waiver of a valid warrant, and cannot be construed as consent to search. Lee v. State, 126 Tex.Cr.R. 18, 70 S.W.2d 185, and cases therein cited; Aguirre v. State, 109 Tex.Cr.R. 584, 7 S.W.2d 76, and cases cited.

When objection was interposed to evidence of the officers, mere proof that the officers had a search warrant is no evidence that such warrant was regular on its face, and contained recitals showing compliance with legal requirements. Henderson v. State, 108 Tex.Cr.R. 167, 1 S.W.2d 300, and authorities cited; Humphreys v. State, 116 Tex.Cr.R. 304, 31 S.W.2d 631.

The objections to the officers' testimony, under the circumstances here shown, should have been sustained.

The judgment is reversed and the cause remanded.

**WOMACK v. WOMACK.**

**No. 6044.**

Court of Civil Appeals of Texas. Texarkana.

Feb. 17, 1943.

Rehearing Denied Feb. 25, 1943.

Mayfield, Lee & Lantz, of Tyler, for appellant.

Florence, Florence & Meredith, of Gilmer, for appellee.

WILLIAMS, Justice.

In April, 1941, when appellant W. L. Womack, plaintiff below and Dorothy Womack, defendant below, were divorced, he held four insurance contracts insuring his life, with a cash surrender value at that time of $858, and she held an insurance contract insuring her life with a cash surrender value of $252. All above policies were obtained during their marriage. All

664

premiums on above policies were paid from their community funds. At all times prior to the entry of the divorce decree, Mrs. Womack was the beneficiary in each of above policies issued on the life of W. L. Womack, and he was the beneficiary in the policy issued on the life of Mrs. Womack. None of the policies was assigned. At the time of the division of other property rights between them, the legal question as to whether such cash surrender values constituted community was by agreement left open for future determination by the courts as if no divorce had been granted, to the end that the parties should not be prejudiced by the fact that a divorce had been granted. In the instant trial, litigants agreed to account for the amount of the cash surrender value of each policy should same be decreed community property.

Upon above stipulated facts the court held that the cash surrender value of each policy at date of divorce constituted community property, and entered judgment in favor of appellee and against appellant for half the difference between the cash surrender value of the policy upon the life of appellee and the amount of the cash surrender values of such policies upon the life of appellant.

The sole point presented asserts that the court erred in holding that the cash surrender value of the insurance policies constituted community property. The disposition of other property rights in the decree is not complained of.

The cash surrender value of each policy here represented the sum of money that had accumulated by reason of payment of an annual sum to the insurer which was in excess of the annual amount of money necessary for ordinary life insurance, and was the amount of accumulation by reason thereof during the period between issuance of policy and date of divorce. Only community funds having been used in the payment of all annual sums, namely, premiums, and the accumulated values being derived from the use and investment of such community funds, we are of the opinion and so conclude that under the provisions of Articles 4621, 4622 and 4623, R. C. S. of 1925, the cash surrender value of each policy at the date of divorce constituted community property. In Locke v. Locke, Tex.Civ.App., 143 S.W.2d 637, 638, quoting from Russell v. Russell, Tex. Civ.App., 79 S.W.2d 639, it is stated, "such property clearly did not come within the classification of the separate property of either spouse and therefore must be deemed to have been property of the community estate of appellant," citing Lee v. Lee, 112 Tex. 392, 247 S.W. 828. See Martin v. Moran, 11 Tex.Civ.App. 509, 32 S.W. 904; 23 T.J. 142.

Appellant in support of his position that the cash surrender value of the policies was not community cites Hatch v. Hatch, 35 Tex.Civ.App. 373, 80 S.W. 411, writ of error refused; Martin v. McAllister, 94 Tex. 567, 63 S.W. 624, 56 L.R.A. 585; Whiteselle v. Ins. Co., 221 S.W. 575, by the Commission of Appeals, judgment approved by Supreme Court; Martin v. Moran, supra; Rowlett v. Mitchell, 52 Tex.Civ.App. 589, 114 S.W. 845; Jones v. Jones, Tex.Civ.App., 146 S.W. 265; Fain v. Fain, Tex.Civ.App., 93 S.W.2d 1226, writ denied. Expressions found in some of above opinions are dicta. Some involve purely ordinary life policies and turned on other points not here presented. In the conclusions here reached we do not feel that we are in accord with the decision with respect to the disposition of the cash surrender value involved in Whiteselle v. Ins. Co., supra. But under the observations in Lee v. Lee, supra, a later decision by the Commission of Appeals, adopted by the Supreme Court, and the reasoning in Martin v. Moran, supra, we are unable to reach logically a different classification of the subject-matter here involved than that obtainable if the subject-matter in controversy had been a promissory note, a savings account, a building and loan contract, or other properties of a similar cash value at dissolution of the marriage which had been acquired or built up during marriage out of community funds.

The judgment of the trial court is affirmed.