JOE J. PERKINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 109839. Promulgated April 20, 1943.

*Harry C. Weeks, Esq.*, for the petitioner.
*Frank B. Appleman, Esq.*, for the respondent.

OPINION.

HILL, *Judge:* The Commissioner determined a deficiency of $424.6(' in the gift tax of petitioner for the taxable year 1939. The principal issue is whether the total value of a certain policy of insurance upon the life of petitioner should be included in taxable gifts when he made a gift of that policy to his wife, or whether only one-half of the value should be so included. A secondary issue is whether or not petitioner is entitled to an exclusion under section 504 (b) of the Revenue Act of 1932. All of the facts have been stipulated and as stipulated are adopted as our findings of fact. Only those deemed material to the issues will be set forth herein.

Petitioner filed a gift tax return for the calendar year 1939 with the collector of internal revenue at Dallas, Texas.

Petitioner was married to Lois Perkins prior to 1919 and they have since marriage continuously resided together in Texas. They have one daughter, Elizabeth Perkins Prothro.

On June 7, 1924, the Northwestern Mutual Life Insurance Co. issued a policy of insurance upon the life of petitioner in the amount of $50,000, pursuant to his application for this insurance. The named beneficiaries were his executors, administrators, or assigns. On October 13, 1924, petitioner designated his wife as beneficiary but reserved the power to change such beneficiary. On August 28, 1929, petitioner designated his daughter as a contingent beneficiary.

All the premiums paid upon this policy prior to March 8, 1939, were paid by petitioner out of the community funds of petitioner and his wife. Such payments covered all premiums due on the policy until June 7, 1939. All premiums paid on the policy subsequent to March 8, 1939, were paid by petitioner's wife from dividends received upon corporate stock which she had previously acquired by gift.

On March 8, 1939, petitioner executed an instrument which provided in part as follows:

I, JOE J. PERKINS, the insured under Policy No. 1748625 issued by The Northwestern Mutual Life Insurance Company, hereby designate Lois Perkins, wife, born February 8, 1887, as direct beneficiary under said policy and as contingent beneficiary thereunder, I hereby designate Elizabeth Perkins Prothro, daughter born September 7, 1919.

ALL PRIOR designations of beneficiaries and option settlement are hereby revoked.

SETTLEMENT OF THE FULL PROCEEDS of said policy shall be made with the direct beneficiary in accordance with the provisions of Option A, with the

privilege in event she survives the contingent beneficiary and provided there be no lawful child or children of the contingent beneficiary living, of changing settlement to Option C in such number of stipulated installments as she may elect. Settlement with the contingent beneficiary shall be made under Option A with the privilege, after attaining the age of 45 years of changing settlement to Option C, in such number of stipulated installments as she may elect. The right to surrender and withdraw or commute shall be withheld from the direct beneficiary and contingent beneficiary.

UPON THE DEATH of the last survivor of myself, Lois Perkins and Elizabeth Perkins Prothro, any proceeds then in the company's hands on account of said policy shall be commuted and payable in one sum to the lawful surviving child or children of said Elizabeth Perkins Prothro, share and share alike, the survivors or survivor, or if none survive, then the executors or administrators of the last survivor of Lois Perkins and Elizabeth Perkins Prothro.

I HEREBY WAIVE the power to exercise all rights and privileges specified in and/or conferred upon the insured by the terms of said policy, including the right to change or revoke the designation of direct beneficiary, contingent beneficiary, further payees and option settlement.

I HEREBY REQUEST and direct that the right to assign, alienate or pledge any of the sums of installments payable under the terms of said policy shall be withheld from Lois Perkins and Elizabeth Perkins Prothro, and subject to any limitation of law, said sums and installments shall not be subject to the claims of creditors of Lois Perkins or Elizabeth Perkins Prothro.

\*          \*          \*          \*          \*          \*          \*

THE RIGHTS of the payees herein designated shall be subject and subordinate to any indebtedness on account of such policy in favor of said Insurance Company.

THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY is hereby requested and directed to make the foregoing provisions a part of said policy.

In the deficiency notice the Commissioner determined a taxable gift in the amount of $19,153.25. He calculated this amount as follows:

| | |
|---|---|
| Terminal reserve at the end of the fifteenth year | $18,888.00 |
| Terminal reserve at the end of the fourteenth year | 17,634.00 |
| Increase | $1,254.00 |
| Portion of the increase in the terminal reserve for the 274 days elapsed from the last premium date to March 9, 1939 | $941.35 |
| Terminal reserve at the end of fourteenth year | 17,634.00 |
| Interpolated reserve March 8, 1939 | $18,575.35 |
| Portion of gross annual premium for the 91 days from March 8, 1939, to June 7, 1939 | 577.90 |
| Total value for gift tax purposes | $19,153.25 |

In the gift tax return which he filed, petitioner disclosed the transaction but reported no gift tax due.

In *R. L. Blaffer*, 38 B. T. A. 632; affd., 103 Fed. (2d) 489, the facts disclosed that the taxpayer transferred certain policies of insurance to a trust. His wife did not join in the transfer. Some of the policies had been obtained prior to marriage and some afterwards, but all of

the premiums accruing after marriage were paid out of community funds. It was there held that the insurance policies were the separate property of the husband and he had made a taxable gift of the full value of the policies and not one-half thereof. This result was reached by this Court and the Circuit Court of Appeals for the Fifth Circuit after a review of the Texas cases. But see, Huie, Community Property—Life Insurance (1939), 17 Tex. L. R. 121. In the light of more recent Texas Court decisions we feel compelled to reexamine those cases. *Berdoll* v. *Berdoll* (Tex. Civ. App.), 145 S. W. (2d) 227 (1940); *Locke* v. *Locke* (Tex. Civ. App.), 143 S. W. (2d) 637 (1940); *Womack* v. *Womack*, 168 S. W. (2d) 663 (1943).

In *Martin* v. *McAllister*, 94 Tex. 567; 63 S. W. 624 (1901), the facts were as follows: The husband took out an insurance policy upon the life of his wife. Suit was brought after the death of the wife and after the proceeds had been paid to the husband.

In *Johnson* v. *Cole*, 258 S. W. 850 (1924), the wife, who was the named beneficiary, was suing Cole, a creditor of the husband. This suit involved the proceeds paid after the death of the insured.

In *Rowlett* v. *Mitchell*, 52 Tex. Civ. App. 589; 114 S. W. 845 (1908), the policy was obtained by the husband prior to marriage. The beneficiaries were children of the husband. The premiums after marriage were paid from community funds. The court there held, in a suit for one-half of the proceeds, that the wife was not entitled to share.

In *Jones* v. *Jones*, 146 S. W. 265 (1912), the suit was again after the death of the insured and involved the proceeds.

It is to be noted that all of the above cases were prosecuted after the death of the insured and involved the proceeds. The proceeds were not payable until after the death of the insured, which was the same event which terminated the marital community.

Three other cases which we relied upon are discussed in the *Berdoll* case, *supra*, and need no further discussion here. The facts in the *Berdoll* case show that the husband procured two policies of insurance upon his own life. He paid the premiums in part out of his separate funds and in part out of community funds. The community had contributed 14/19 of the total premiums at the time the insured and his wife were divorced. The court awarded the wife one-half of 14/19 of the cash surrender value of the policies. The court approved and quoted the following from Huie, Community Property—Life Insurance, *supra:*

If the husband, for example, has secured during the marriage a policy on his own life in favor of his estate, and has paid the premiums out of the community funds, under established principles, the right to receive the proceeds which will become payable at his death is a community chose in action. After a divorce of the parties, were it not for the rule of public policy, the divorced wife could wait until the death of the insured, and then receive from the insurer her one-half of the proceeds. To permit her to retain this right, however, would make the

early death of the insured an advantage to her. Texas public policy demands, therefore, that she be deprived of the right to await the death of the insured. But it does not follow that she must be deprived of this right without any compensation. Clearly, she may be compensated for the loss of her interest in the community chose in action without violating the rule of public policy, so long as she is given no motive for murdering the insured.

The *Berdoll* case recognizes that the policies of life insurance were community property at least to the extent of the ratio that community funds bore to the total amount of premiums paid. In the instant case we have an even stronger factual situation, because here all of the premiums were paid out of community funds and the policy was procured after marriage. See dissent of Judge Sibley in *Blaffer* v. *Commissioner*, 103 Fed. (2d) 489, 490. Upon authority of the *Berdoll*, *Locke*, *and Womack* cases, we must hold that petitioner made a taxable gift of only one-half the value of the insurance policy. Cf. *Russell* v. *Russell* (Tex. Civ. App.), 79 S. W. (2d) 639 (1934); see *Martin* v. *Moran*, 11 Tex. Civ. App. 509; 32 S. W. 904 (1895).

Under the instrument by which petitioner made the gift, he did not give his wife any present right. She could not take down the cash surrender value nor borrow against the policy. We must, therefore, hold that the interest conveyed to the wife was a future interest. See *Frances P. Bolton*, 1 T. C. 717. Petitioner is not entitled to the exemption provided by section 504 (b) of the Revenue Act of 1932. Respondent is sustained on this issue.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

SMITH, *J.*, concurs only in the result.