**CHAPMAN v. CHAPMAN.**

No. 14518.

Court of Civil Appeals of Texas.
Fort Worth.

April 30, 1943.

Rehearing Denied June 4, 1943.

Bullington, Humphrey & Humphrey, of Wichita Falls, for appellant.

King, Dawson & Jones, of Wichita Falls, for appellee.

## McDONALD, Chief Justice.

This appeal is by the husband from a judgment rendered in a divorce suit. The judgment grants a divorce to the wife, and, generally speaking, awards half the community property to the wife and half to the husband, the husband's half, however, to be subject to the payment of the court costs, the fee of an auditor and that of a commissioner appointed to sell certain property, and a fee of $4,000 for the wife's attorney. The judgment also provides for reimbursement to the wife for a small amount of her separate funds which had been paid into the community, but no complaint of that is made on this appeal.

The husband complains of the award of $4,000 to the wife for her attorney's fee, contending that her pleadings are insufficient to support the award of an attorney fee, that the fee is erroneously taxed as court costs, and that the fee is grossly excessive.

■ The allegations of the wife's petition seeking an attorney's fee are meager, but are sufficient under the present rules of procedure, since the husband filed no exceptions to them. Her petition, after describing their marital situation and their financial and business affairs, alleges that she is entitled to a divorce, "and a reasonable attorney fee of $5,000.00."

The burden was upon the husband to except if he desired more explicit pleading in this regard. Rule Nos. 45, 47, 90, 91, Texas Rules of Civil Procedure.

The judgment provides for the sale of certain community assets, and for the payment, from the husband's share of the proceeds of the sale, of $4,000 to the wife as her attorney's fee. The judgment also contains a paragraph reading in part as follows: "It is further ordered, adjudged and decreed that all costs herein be taxed against the defendant, including the attorney's fee of the plaintiff as heretofore found, same to be paid as part of the costs in the manner above indicated, but if not so paid the plaintiff and the officers of this court shall have execution."

■ The husband charges error in taxing the attorney's fee as court costs. It is not disputed that an attorney fee in a divorce case should not be taxed as court costs. But we think that the judgment as a whole, despite the recital just quoted, shows that the attorney's fee is not taxed as court costs, but that it is to be paid "in the manner above indicated" in the judgment. We do not construe the judgment as an effort to tax the attorney's fee as court costs, and hold, if there be any doubt about it, that it is not a part of the court costs and that the surety on the appeal bond is under no liability for its payment. See Jacks v. Teague, Tex.Civ.App., 136 S.W.2d 896, writ of error dismissed, for a similar holding.

Appellant contends that the fee of $4,-000 is grossly excessive. It is not possible for us to determine from the judgment, or from the record before us, the fair value of the community estate, but there is enough to show that it was not less than $45,000, and possibly was substantially more than that. The judgment shows that the husband had converted into liquid form more than $24,000 of the community assets and had taken them into another state before the date of the trial, and that there still remained in Wichita Falls a large and profitable creamery business. We cannot in an opinion of reasonable length review all of the testimony bearing upon this question, nor review all of the arguments of the parties relative thereto. The substance of the husband's arguments is that much of the work done by the wife's attorneys was unnecessary to obtain for her the relief actually awarded to her in the judgment, that is to say, a divorce and practically an equal division of the community property. He argues that the

greater portion of her attorney's time and efforts were devoted to an unsuccessful attempt to have the court impound the community property and in some way cause it to be operated under control of the court without granting a divorce.

The fee is very large, and, looking backward, it might be said that the wife's attorneys did devote much of their time and effort to an attempt to obtain for the wife relief which she desired but which was not obtainable under our Texas laws, and it might be said that they possibly could have obtained for her a divorce and an equal division of the community estate with an amount of work which would have called for the payment of a smaller attorney's fee. On the other hand, the trial court could have reasonably believed that the husband was endeavoring to conceal from the wife and her attorneys the true amount and value of the community estate, and it is not disputed that he converted more than $24,000 worth of community assets into cash and other liquid form and carried them to another state, beyond the jurisdiction of the court, before the trial, and that he did not appear at the trial of the case. The trial court could have reasonably believed, from the evidence which came to his attention upon the several hearings held during the progress of the litigation, that the wife's attorneys were having much difficulty in determining the status of the community affairs and in enforcing the wife's rights. The case was tried without a jury. The trial court did not file separate findings of fact and none were requested. In reviewing his judgment, we must consider the evidence which tends to support his judgment, and not the evidence to the contrary. We must also bear in mind that the trial court is given the widest discretion in fixing the attorney's fee in such cases, and that his judgment will be reversed only upon a clear showing of abuse of judicial discretion. He was in much better position than are we to appraise the value of the services rendered by the wife's attorneys, and to determine the extent of time and effort necessary to bring about a proper determination and enforcement of the wife's rights. The course of the litigation was marked by physical violence, and there was evidence from which the trial court could have believed that the husband had a purpose other than to deal fairly and openly with his wife in arriving at an equitable

and just division of their property. The test is not what fee we would allow if the matter had originally been submitted to us, but what the evidence will justify, viewing it in the light, as we must now do, most favorable to the party who prevailed in the trial court.

In 27 C.J.S., Divorce, § 224, pp. 929 to 937, and in 35 A.L.R. 1099, are discussions and citations of many decisions concerning the amount of counsel fee allowed to the wife in a divorce suit. We have read many of those decisions, and have compared the situations described in them with the situation now under review. We consider that we would not be justified in declaring, by ordering a reduction of the fee allowed, that the trial court committed an abuse of his official discretion in fixing the fee at $4,000.

Error is next charged in treating as community property the cash surrender value of life insurance policies upon the life of the husband. In his brief the husband undertakes to demonstrate by certain calculations that the trial court fixed the cash surrender value of the policies at $1,333, that he treated such sum as a community asset, and that, in effect, he awarded half the cash surrender value of the policies to the wife in the accounting which was required to be made by the judgment. The judgment does not find the amount of the cash surrender value of the policies in question. The only reference made to the policies in the judgment is the finding that the community property consists of various named items, including "cash surrender values of life insurance policies". The burden is upon the appellant to demonstrate the error, if any, in the judgment of the trial court. The judgment does not contain valuations of the various items of the community estate, the only finding of that nature being one to the effect that the husband had funds and property in his possession which he had removed from the jurisdiction of the court, amounting to $24,824.71. We cannot determine from the recitals of the judgment whether the life insurance policies, or their cash surrender value, were among such items taken by the husband. The judgment does not attempt to order the policies to be cashed, nor does it expressly attempt to fix a lien thereon in favor of the wife. The husband admits that the calculations made in his brief do not tally with the figures contained in the judgment,

but argues that the trial court must have added the cash surrender value of the policies to the community property taken away by the husband because the report made by the auditor of the amount taken by the husband does not equal that found by the court. Due to the speculative nature of the husband's argument and calculations in this regard, we doubt if he has shown that the trial court made any allowance for the cash surrender value of the policies, and would not reverse or reform the judgment upon the showing, or rather, the lack of showing, made by appellant.

But if it be considered that appellant has shown that the court allowed the wife, in the accounting ordered, an amount equal to one-half the cash surrender value of the policies in question, we hold that no reversible error is presented.

The premiums were paid with community funds. It would surely be within the discretion of the trial court, under Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21, to reduce the amount of property awarded to the husband by one-half the cash surrender value of the policies, or to render a judgment against him therefor, if the husband should not wish to cash the policies at the time of the divorce. To accomplish such a result, it is not necessary to call such cash surrender value "property", nor is it necessary to hold that such cash surrender value is to be classed as community property in every kind of case that could arise. It is only necessary to say that a court which has the authority to award all of the personal property to the wife, or to award the use of the husband's real estate to the wife, or to do any of the other things described in Hedtke v. Hedtke, can, in making disposition of the property rights of the parties, take into account the value to the husband of the cash surrender value of policies upon his life, the premiums on which have been paid with community funds. It would be odd to hold that the court is without power to consider this item of property, or this chose in action, or whatever one may choose to call it, when the husband immediately after the divorce could convert it into cash and obtain the full benefit of this expenditure of community funds. It is a matter of common knowledge that the cash surrender value of life insurance policies often constitutes the greater part of the savings of a husband and wife. To hold that the court is powerless to protect the wife in such a case is to forget everything that is said in Hedtke v. Hedtke.

We are not unaware of the holding in the recent case of Womack v. Womack, Tex.Civ.App., 168 S.W.2d 663, and of the fact that the Supreme Court has granted a writ of error upon an assignment that the holding is in conflict with Whiteselle v. Northwestern Mutual Life Ins. Co., Tex. Com.App., 221 S.W. 575. We have also re-examined the opinions of this court in Russell v. Russell, Tex.Civ.App., 79 S.W. 2d 639, and in Fain v. Fain, Tex.Civ.App., 93 S.W.2d 1226, writ of error dismissed. We adhere to the views expressed in Russell v. Russell. In Fain v. Fain the judgment of the trial court was affirmed, and with that result we are in accord, in view of the trial court's discretion in such matters, but we are not now in agreement with any intimations in the opinion which might suggest that the trial court could not, if he had seen fit, have allowed to the wife an accounting of half the surrender value of the policies. We think that the correct view is expressed in Russell v. Russell, supra, in Locke v. Locke, Tex. Civ.App., 143 S.W.2d 637, and in Berdoll v. Berdoll, Tex.Civ.App., 145 S.W.2d 227. An interesting discussion of the question will be found in an article written by W. O. Huie, in 17 Tex.Law Review 121.

Since the court had the authority to take the cash surrender value of the policies into consideration in determining how he should divide the community property between the parties, it is not of controlling importance that he called it "community property". Whatever he might call it, he had the right to charge a part of it, or all of it if he saw fit, against the award being made to the husband.

Under two of his points appellant charges, respectively, that the trial court was in error in failing to accept as correct the amounts of money and values of property set out in the report of the auditor appointed by the court, and in failing to allow appellant reimbursement for $4,000 reported by the auditor to have been advanced to the community from appellant's separate estate. We find no error in either respect. The auditor filed reports, but he was examined at great length about them, and there was other testimony concerning the matters covered by his reports. We do not consider that the court was bound to find exactly in accord with the report of the auditor.

Under two other points appellant complains of the admission of certain testimony. The case having been tried before the court, without a jury, the points are without merit.

Finding no reversible error, we affirm the judgment of the trial court.