Lyman A. BURKE, Appellant,

v.

Faye A. BURKE, Appellee.

No. 6742.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 20, 1958.

W. O. Slattery, Amarillo, for appellant.

Snodgrass & Calhoun, Amarillo, for appellee.

CHAPMAN, Justice.

This is a divorce case, which also involves custody and support of four minor children and division of property rights. In the trial court judgment was rendered for Faye A. Burke awarding her a divorce, custody of the four minor children, the sum of $200 per month for their support, setting aside to appellant Lyman A. Burke certain designated property as his separate estate and making a division and distribution of the community property. No complaint is made on appeal of the trial court's action in awarding appellee a divorce. To other phases of the judgment appellant has perfected his appeal.

In his first point of error appellant complains of the action of the trial court in evicting Joe M. Burke, the father of appellant from the home of the parties. In his fourth point of error he asserts the court committed error in rendering judgment against appellant while he was without legal counsel. Both of these complaints are urged without any reference made to anything in the record showing harm or prejudice to appellant from such action. We have found no testimony of probative force showing Joe M. Burke had any interest in the house from which he was removed or that either he or appellant suffered any injury thereby to require a reversal of this case.

In one of his findings of fact the trial court found appellant was adequately represented by legal counsel at the time of rendition of judgment and at the time the judgment was reduced to writing. We find no evidence in the record admitted under the rulings of the court to overcome such findings nor any reversible error in appellant's points one and four.

Appellant's second, third and eighth points complain of the determination by the court of the community character of the property and the division and distribution thereof, asserting adjudication was made without the owners being in court, that it was adjudicated in violation of Article 4613, R.C.S., Vernon's Ann.Civ.St. art. 4613, and that property was divided which had not been platted.

The record showed the parties entered into their second ceremonial marriage on October 16, 1947. The trial court found three tracts of land had been acquired by appellant before that date and set all three aside to him as his separate property. All other property was found by the court to have been acquired after said marriage and that it was community property. It is a well-established principle of law that all property acquired after marriage is presumed to be community property and the burden of proof is on the one asserting the separate character to prove otherwise. Wilson v. Wilson, 145 Tex. 607, 201 S.W.2d 226; Connor v. Boyd, Tex.Civ.App., 176 S.W.2d 212 (R.W.M.).

Appellant contends the trial court erred in ordering a division and plat of lots which did not exist. The expert witness used to prove values testified that for valuation purposes, it was necessary that the theater tract be broken down into front footage for appraisal. The values, method of valuation and appraisal were testified to without objection and the court did not break the theater tract into lots, but awarded it to appellant in whole.

Appellant also asserts Joe M. Burke, his father owns part of the house at 3614 Lamar in Amarillo, but refers us to no evidence in the record to that effect, nor do we find any. The time of the actual acquisition of some of the property found to be part of the community and the means by which it was acquired was controversial in the testimony. For instance, appellant testified some of it was purchased with separate funds and appellee testified to the contrary. As the trier of the facts the court below had the right to believe one and

disbelieve the other. The evidence, if believed, being sufficient to support the trial court's findings in that respect, this court is bound thereby. It is only when the trial court's findings are not supported by any evidence of probative force, or are so against the great weight and preponderance of the evidence as to be manifestly wrong, that a reviewing court has authority to disregard same. Kollenborn v. Kollenborn, Tex.Civ.App., 273 S.W.2d 660. Appellant's second, third and eighth points are overruled.

In his fifth point of error, appellant complains that the court abused its discretion in awarding $5,000 attorney's fees to be paid by appellant to appellee.

■ The trial court appraised the property at $293,924 and the record shows no objection to such appraisal except in appellant's brief wherein he asserts its true value is approximately $75,000. The record reveals many preliminary hearings, contempt hearings, an alimony hearing, a hearing on temporary custody of children, and vigorous contests on every phase of the case. The record reveals that only one expert witness was used and that in response to a hypothetical case giving situations comparable to the instant case he testified that a minimum legal fee for the services rendered by attorneys for appellee would be $7,500. The trial court is given the widest discretion in fixing attorney's fees in a divorce case and his judgment will be reversed only upon a clear showing of an abuse of judicial discretion. Chapman v. Chapman, Tex. Civ.App., 172 S.W.2d 127, 128 (writ dismissed).

■ In the case just cited the court said, "It is not possible for us to determine from the judgment, or from the record before us, the fair value of the community estate, but there is enough to show that it was not less than $45,000, and possibly was substantially more than that." The court then held that a $4,000 fee was not excessive in that case. We have read many other cases on the subject and can only come to

the conclusion, after comparing the situations described in them to the work, tension and responsibility of the attorneys in the instant case, that we would not be justified in holding that the trial court committed an abuse of his official discretion in fixing the fee at $5,000. It is also well-settled law that where the trial court finds one party to a divorce action is entitled to the relief sought attorney's fees may be required of the other party, to be paid from such other party's part of the estate. Chapman v. Chapman, 172 S.W.2d 127, Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002. The case last cited is also authority for requiring a husband to pay the wife's attorney's fees even though the award made to him of the community estate is smaller than that made to the wife. This is not to say that we are holding the husband was awarded less than half the value of the community estate in our case but is only in reply to appellant's contention on this appeal to that effect.

Appellant cites the case of Blackburn v. Blackburn, 163 S.W.2d 251, by this court, for authority on his contention that the fee allowed was excessive where attorneys had never collected that size fee. In the first place we find no proof in the record that attorneys for appellee have never collected that size fee in a divorce case. Additionally, we do not recognize the case cited as authority for appellant's contention. This court in upholding the attorney's fees awarded by a jury, where attorneys were contending the jury was bound by the amounts testified to by expert witnesses only held the contention of attorneys was weakened by their admission on cross-examination that they had never collected a fee of such size. That situation is not analogous to our own and his point is not well-taken.

In his sixth point appellant asserts the trial court erred in awarding appellee sole care, custody and education of the minor children of the parties and also awarding appellee the care and custody of the funds to provide for the children.

**250**

The record in this case is replete with testimony of conduct on the part of appellant such as to justify the trial court in awarding the custody of the children involved to their mother. In deference to the children we shall not quote the testimony concerning the conduct of their father and thus make it a public record that could later be referred to by them. Suffice it to say that it is such, if believed by the trial court, as to completely justify the court's findings that, as between the parties, the best interest and future welfare of said minor children will be served by awarding their custody to their mother. The law is well-settled that the trial judge is vested with wide discretionary powers in awarding the custody of minor children in a divorce suit and his action in so doing will not be disturbed unless it is clearly shown on appeal that he has abused his discretion. Baker v. Willis, Tex.Civ.App., 238 S.W.2d 544; Crawford v. Crawford, Tex.Civ.App., 256 S.W.2d 875; Sawyer v. Bezner, Tex. Civ.App., 204 S.W.2d 19.

Appellant does not complain of the amount of payments assessed against him for support of the minor children but only that appellee would not properly handle the funds in caring for the children. We find no reversible error in such contention, but suggest to appellant he may request the trial court to require appellee to make periodic itemized statements to the clerk of the Court where the case is pending showing how such funds are expended. Appellant's point six is overruled.

Throughout his brief many of appellant's arguments seeking to justify his assertions of error are without support in the testimony and are improper for us to consider. The burden rests upon the party complaining of error to show affirmatively by the record that error was committed, and error will never be presumed. On the contrary, the reviewing court will indulge all reasonable intendants and presumptions not contradicted or inconsistent with the record in favor of the proceedings and actions and rulings of the trial court. Tex. Jur. 3B, page 327, Section 892.

The rules of law applicable to the points raised by appellant herein are so well settled we do not believe it is necessary in disposing of this case to further elaborate.

All points are overruled and the judgment of the trial court is in all things affirmed.