IlEMPixiLL, Cb. J.
Tito principal question is whether an execution can legally issue to enforce a judgment or decree which has been, vacated or annulled. To state the proposition is.to answer it. It does not admit of argument or illustration. The foundation of an execution is the judgment of the court or some act or obligation which is in law equivalent thereto; and when this foundation is removed or destroyed the superstructure must fall with it. On the dismissal of 1 he suit the order for alimony had no longer legal subsistence or vitality. The mandate of the Supreme Court had expressly directed that on the contingency which subsequently occurred the order should be set aside. This would without such direction have boon the legal effect of the dismissal of the petition, and consequently this rescinded order "can furnish no basis for process to carry it into execution. It is true that three-quarters of the alimony were unpaid; but whether it was the fault or misfortune of the appellee or fraud of the appellant that payment liad not during' the pendency of the suit been enforced is in any aspect presented by this case wholly immaterial. For whatever may be tire right of the appellee, or whatever" may be the wrong suffered from the appellant in relation to this claim, yet redress cannot he obtained by means of compulsory process upon a reversed and annulled judgment or decree.
The appellee in her answer alleges that during the pendency of the suit she contracted debts for necessaries and for legal services, which are yet unpaid, and which were contracted on the credit of said alimony; and she contends in the argument that the right to the alimony was vested in her by the decree; that if she had assigned the installments for her support the assignee might have enforced payment, and that if she had' died before the determination of the suit the installments due would have been assets in the hands of her administrators, &c.
These propositions, with modifications, might perhaps be sustained, but would confer no right to summary final process to enforce payment of these installments.
Alimony during the piending of the suit is given to the wife for her present support, and the presumption is either that it has been paid accouling to the terms of the decree, or that summary measures will be taken to secure its payment.
Where the husband is plaintiff the court may refuse to hear the cause until tile alimony due is paid, (5 Eccl. R., 435;) and where permanent alimony is given Oil separation, a mensa et ihoro, application must be made within a reasonable time or the court will not enforce the payment of arrears; and where alimony is payable annually the court would not, as a general rule, enforce arrears of more than a year’s standing. (3 Hagg. Ec. R., 322; 5 Eccl. R., 120.) The court will afford prompt relief where its aid is sought, but will not encourage laches in enforcing the claim, as it might well be presumed that some more beneficial arrangement has been made.
But though compulsory process will not issue to enforce the payment of alimony without a judicial decree, or upon one winch has been annulled, yet where alimony is decreed hut not paid the husband is liable for debts contracted for necessaries by the, wife. (Shelf., 649; 3 M. & P. R., 108; 3 Hagg. Ec. R., 322.)
In Hunt v. DeBragniere (5 Bing. R., 550; 15 C. L. R., 535) it is said that no decision lias been cited in which a decree for alimony is a discharge; that it is not the decree for alimony or the deed for separate maintenance which *17 discharges the husband, but the observance of it; and that all the cases show that the alimony must not only he secured, but paid; and that there is-no difference whether the provision he by deed or decree. (Ozard v. Darnford, Selw. N. P., 260; 9 B. Monroe, 299.)
Note 5.—O’Haley v. O’Haley, 31 T., 502.
_ The husband’s liability for necessaries furnished the wife and the foundation for decrees of alimony depend to a great extent on the now antiquated rule of the coqimon law that the wife has no separate property, but that by marriage the whole is vested in the husband. Where the wife has a separate income adequate to her maintenance, the husband is not liable for alimony, either under the common or our statute law.
Under onr laws the wife’s property does not vest in the husband, but it is umler his management, and he ordinarily receives the rents and profits as well of the separate estate of the wife as of the community property, and lie is the more hound to discharge debts contracted for her support and necessary expenses on failure to pay the alimony decreed by the court.
The decree, so far as it authorizes the cancellation of the executions, is without error, but so far as it dissolves the injunction restraining'further proceedings on the order for alimony made at the Spring Term, 1848, and authorizes execution to issue for the amount of the alimony, it is erroneous. And it is therefore ordered, adjudged, and decreed that the decree, so far as it cancels the executions originally issued, be confirmed, and that in all its other directions and orders it be reversed, and the injunction against farther proceedings in the said order for alimony be and the same is hereby made perpetual.
Ordered accordingly.