### RUSSELL v. RUSSELL.

No. 13033.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 30, 1934.

Rehearing Denied Jan. 18, 1935.

on the merits for $1,000, alleging same to be the reasonable amount which should have been awarded her.

██ Alimony is not a matter of course. Rivera v. White, 94 Tex. 538, 63 S. W. 125. The statute prescribes that the court may allow a sum for her support. Article 4637, R. S. This is an interlocutory order having for its purpose the maintenance of the family until final decree. It is not a property right, but is to be determined by the consideration of the needs of the applicant. Wright v. Wright, 6 Tex. 29. If the court has mistaken the needs of the wife and she has been compelled to incur debts for necessaries during the pendency of the suit, liability for those rest upon the husband, but the remedy is not by a review of the decree refusing alimony.

We have examined the record of evidence introduced, and are not able to say that the trial judge erred in refusing alimony, since the testimony did not conclusively show that the appellee was able to pay or that appellant was destitute of means. We are not required to say that we agree with the trial court's order, but we do say that a review is impracticable. We do not have the discretionary powers over the sun which were given Joshua. We cannot turn time back to the day when appellee was first sued. To send the entire case back for a rehearing of the preliminary alimony contention would be making the tail wag the dog.

Alimony is not a debt in any exact sense. Ex parte Davis, 101 Tex. 605, 111 S. W. 394, 17 L. R. A. (N. S.) 1140. It is the means provided by the state for the preservation of its dearest ward, the family. It usually takes the form of money payment, but often includes other types of support. We sustain the action of the trial court in refusing to review the matter of alimony at the trial on the merits of the divorce.

██ Appellant filed her own affidavit for change of venue, alleging such a prejudice against her that she could not obtain the supporting affidavits required by article 2170, R. S. We can imagine such a case, but no proof is in this record to identify the one at bar with such a contention. The assignment is overruled.

There are numerous assignments to the insufficiency of the pleadings and evidence to support the findings of the jury. No good purpose could be served, and it would lengthen this opinion unduly to here discuss the evi-

George M. Hopkins, of Denton, and John W. Porter, of Muskogee, Okl., for appellant.

Joe S. Gambill, of Denton, for appellee.

LATTIMORE, Justice.

This is an appeal from a judgment for divorce granted to appellee, the plaintiff, and refusing a division of community property prayed for by appellant.

The first assignment of error is that the court erred in not awarding appellant a judgment for alimony. The defendant filed her application for alimony, and same was refused. She then sued in her cross-action

·dence. Assignments 3, 4, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20 are overruled.

The jury was asked to find how much money appellee had earned during the separation. These issues were evidentiary only and form no basis for judgment. The jury did ·find that H. M. Russell & Sons owed appellee $200; that appellee owns an automobile and has an equity of $1,050 in an insurance policy. The court refused to order any division of community property. The decree does not give us any light on the reason for the court's action. The evidence shows that the parties own a residence in Oklahoma which stands in the name of the appellant. However, we cannot assume that the court found a division of community property when the decree is wholly silent thereon.

█The court has available remedies for the partition of the debts due to the community and also is authorized to give the wife judgment against the husband for her community interest in the cash value of the insurance policy if the appellee does not elect to surrender that policy to the insurance company and allow such cash received to be partitioned. The trial court·should not attempt to enforce any variation of the relations between appellee and his insurer, for that contract was made and is in process of performance. Practically, to give a judgment to this wife against her husband for one-half its cash surrender value may not be giving her a liquid claim for her one-half of the liquid claim her husband has against the insurance company, but in our judgment it is all that can be done if the matter cannot be adjusted in the partition of the remainder of the estate.

This matter was before the court in Hatch v. Hatch, 35 Tex. Civ. App. 373, 80 S. W. 411, 413. The policy had been assigned to the divorced wife while she was yet married to the assured. She paid premiums on it thereafter. She contended that she continued to own the policy after the divorce and alleged the premiums had been paid by her, a judgment in her favor against her ex-husband, and prayed for ownership of the policy and protection of her rights in the policy. The court said: "She ought not in law or equity be entitled to hold the policy * * * except to the extent of premiums paid by her." Her right to ownership was denied, but her lien accruing by premiums paid should be honored. The money judgment having no connection with the insurance was held to have no place in the suit. A casual reading of Whiteselle v. Northwestern Ins. Co. (Tex. Com. App.) 221 S. W. 575, might lead one to believe that Judge McClendon believed the Hatch Case to hold that a wife had no litigable interest in the cash surrender value of a life insurance policy purchased by her husband with community funds. We observe, however, that in the Whiteselle Case a divorced wife contended that she was a one-half owner of the policy procured with community funds by her husband on his life and payable to her, and that after divorce her husband, being insolvent, had procured a loan on the policy. The death payment was $5,000. Her ex-husband had changed the beneficiary. She sued the insurance company for $2,500, alleging conversion. The holding therefore goes no farther than to deny the wife the right to interfere with the contract made by the assured with the insurance company. No issue as between the spouses alone was made. In Kirberg v. Worrell, 44 S.W.(2d) 940, in which the trial court denied a suit by an ex-wife to recover her one-half of the cash surrender value, the Commission of Appeals reversed the decision and remanded the case with the express approval by the Supreme Court of the opinion. Our holding is in line with the effect of that decision and the Hatch Case, and is not in conflict with the Whiteselle Case.·

█ Likewise the jury found a reasonable fee for appellant's attorney's services to be $250. The court refused to allow any attorney's fees. If the appellant had reasonable grounds to contest the suit of appellee for divorce and for division of the community property, then the community estate is liable for a reasonable attorney's fee. She could not in all probability obtain her rights in a contested case without representation of counsel. She was still appellee's wife, and as such the community estate is liable for necessaries furnished the wife. Liability is not defeated by the mere fact that the divorce was granted to the husband. Fasken v. Fasken (Tex. Civ. App.) 260 S. W. 698; Howard v. La Coste (Tex. Civ. App.) 270 S. W. 181.

█ The judgment of the trial court granting the divorce is affirmed. So much of the judgment as failed or refused to adjudicate the partition of the community property and award attorney's fees is reversed and the cause remanded for further proceedings consistent herewith.

Affirmed in part; reversed and remanded in part.