Jean ODOM, Appellant,

v.

Benny ODOM, Appellee.

No. 04–83–00425–CV.

Court of Appeals of Texas, San Antonio.

Dec. 31, 1984.

Gary A. Beahm, San Antonio, for appellant.

Shirley Ehrlich, San Antonio, for appellee.

Before ESQUIVEL, TIJERINA and DIAL, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from an order partitioning the military retirement benefits of appellee Benny Odom. In 1967, appellant Jean Odom and appellee were granted a divorce; however, no written judgment was prepared. In 1978, appellant sought and obtained a judgment which purported to set aside the 1967 oral rendition. The 1978 judgment, which was taken in default, awarded appellant that portion of the retirement benefits to which she would be entitled had the marriage continued until 1978. In 1982, appellant brought suit to partition appellee's retirement benefits pursuant to the 1978 judgment; appellee then filed a bill of review. The two causes of action were consolidated on the motion of the parties. After a trial before the court, judgment was entered partitioning appellee's retirement benefits in accordance with the court's findings that the parties were divorced in 1967 and that the 1978 judgment was void.

On appeal appellant complains that appellee's bill of review was improperly granted, that the court erred in not treating the 1967 rendition as an interlocutory proceeding, and that the court failed to rule on appellant's allegation that appellee had violated his fiduciary duty.

In her first point of error, appellant asserts that the trial court erroneously granted appellee's bill of review. It is true that appellee did not establish the elements for a bill of review; however, we believe it was not necessary. A judgment which discloses its invalidity on the face of the record is a nullity and may be disregarded. *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823, 827 (1961); *Ramsey v. Morris,* 578 S.W.2d 809, 812 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ dism'd). The record here clearly reflects that a divorce was granted to the parties in 1967. A written judgment signed by the trial judge is not a prerequisite to finality; entry of the trial judgment is only a ministerial act. *Dunn v. Dunn,* 439 S.W.2d 830, 832–33 (Tex. 1969). Therefore, there was no marriage for the court to dissolve in 1978. The 1978 judgment is a nullity and was properly

disregarded by the trial court. Point of error number one is overruled.

 In her second point of error, appellant urges that the trial court erred in not treating the 1967 rendition as an interlocutory order because it failed to dispose of the property of the parties. An attempt by the trial court to sever for separate trial the property division from the divorce itself will make the decree interlocutory until the property is divided. *Vautrain v. Vautrain*, 646 S.W.2d 309, 315–16 (Tex.App.—Fort Worth 1983, writ dism'd); *Underhill v. Underhill*, 614 S.W.2d 178, 181 (Tex.Civ. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). This is because the issue of divorce is not severable from the issue of property division; the property rights of the parties are part of the very divorce itself. *Angerstein v. Angerstein*, 389 S.W.2d 519, 520–21 (Tex.Civ.App.—Corpus Christi 1965, no writ). However, it is well settled in Texas that when a divorce decree merely fails to provide for division of the property, the former spouses become tenants in common with a right of partition. *Busby v. Busby*, 457 S.W.2d 551, 554 (Tex.1970); *Taylor v. Catalon*, 140 Tex. 38, 166 S.W.2d 102, 104 (1943); *Jacobs v. Cude*, 641 S.W.2d 258, 259 (Tex.App.—Houston [14th Dist.] 1982, no writ); *Stitcher v. Stitcher*, 617 S.W.2d 285, 288 (Tex.Civ.App.—Tyler 1981, no writ). There is nothing in the record before us to indicate that division of the community property was severed from the divorce. Therefore, the 1967 rendition was not interlocutory; it divorced the parties and made them tenants in common of any community property. Thus, the trial court correctly used 1967 as the date of divorce in calculating the community interest in appellee's retirement benefits. Appellant's second point of error is overruled.

 In her third point of error appellant complains that the trial court did not rule on her allegation that appellee violated his fiduciary relationship. Appellant failed to request findings of fact or conclusions of law. When no findings of fact and conclusions of law are filed, the trial court implies all necessary fact-findings in support of its judgment. *Carter v. William Sommerville & Son, Inc.*, 584 S.W.2d 274, 276 (Tex.1979); *Buchanan v. Byrd*, 519 S.W.2d 841, 842 (Tex.1975); *Rosestone Properties, Inc. v. Schliemann*, 662 S.W.2d 49, 51 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.). Accordingly, appellant's final point of error is overruled.

The judgment of the trial court is affirmed.