Julius Ignacio HERSCHBERG and
Thelma Nestel Herschberg,
Appellants,

v.

Fay HERSCHBERG, Appellee.

In re Julius Ignacio Herschberg and
Thelma Nestel Herschberg

No. 13–98–631–CV, 13–99–029–CV.

Court of Appeals of Texas,
Corpus Christi.

May 20, 1999.

Rehearing Overruled July 1, 1999.

Phil Harris, Weslaco, William E., Corcoran, Law Offices of William E., Corcoran, McAllen, Keith C. Livesay, Livesay & Cowen, Pharr, Michael Raphael Cowen, Livesay & Cowen, Brownsville, Susan Williams, McAllen, for appellant.

Theodore S. Hirtz, Houston, Craig S. Smith, Smith & Edwards, Corpus Christi, Francisco, J. Rodriguez, Rodriguez, Prunedo, Tovar, Enriquez & Calvillo, McAllen, for appellee.

Before Justices DORSEY, HINOJOSA, and RODRIGUEZ.

## OPINION

Opinion by Justice DORSEY.

Julius Herschberg and Thelma Nestel Herschberg (collectively "Julius") attempt by either interlocutory appeal or mandamus to challenge an order requiring Julius to pay $8,000 per month temporary support and $27,000 per month attorney's fees to his ex-wife, Fay Herschberg, pending a final order dividing the marital estate. We hold the awards are excessive under the evidence. We conditionally grant mandamus relief.

The trial court first signed a final decree of divorce on January 30, 1996. Fay appealed the property division, without contesting the granting of the divorce, and this Court on July 10, 1997, reversed and remanded under the following terms: "We affirm the trial court's judgment granting the divorce. We reverse the rest of the judgment and remand the case to the trial court for a jury trial." *See Fay Herschberg v. Julio Ignacio Herschberg and Thelma Nestel,* No. 13–96–215–CV (Tex. App.—Corpus Christi, July 10, 1997, pet. denied) (opinion ordered not published).

On remand, Fay petitioned the trial court on April 22, 1998, for continuing temporary support pending a new trial on division of the property. Julius then filed for Chapter 11 bankruptcy on May 28, 1998, and on June 8, 1998, the bankruptcy court entered an order for Julius to pay to Fay $5,000 per month from the marital estate. On August 20, 1998, the bankruptcy court issued an order remanding the underlying dissolution proceeding to the state trial court. The trial court then heard Fay's petition and ordered temporary support on November 12, 1998, in the sum of $8,000 per month and attorneys fees of $27,000 per month. Julius complains of that order both by appeal and by mandamus actions which we have consolidated. Whether the order may be at-

tacked by appeal or mandamus depends upon whether that order is a Family Code order for temporary support or a normal temporary injunction.

■ Ordinarily a temporary injunction may be challenged by interlocutory appeal. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4) (Vernon Supp.1999). However, an order for temporary support under the Family Code is not appealable, but must be challenged by mandamus under an abuse of discretion standard. TEX. FAM. CODE ANN. § 3.58(g) (repealed);[1] *see Dancy v. Daggett,* 815 S.W.2d 548 (Tex.1991); *Post v. Garza,* 867 S.W.2d 88, 89 (Tex. App.—Corpus Christi 1993, orig. proceeding).

Julius argues that the present order is not a Family Code temporary support order because the underlying divorce has become final, that it is more in the nature of a temporary injunction, and that it is thus appealable rather than subject to mandamus. Nevertheless, out of an abundance of caution, Julius has brought both an interlocutory appeal and a mandamus proceeding challenging the authority of the trial court to enter the present order. We must first determine the nature of that order and whether appeal or mandamus is the proper means to challenge it.

## Temporary Support Pending a Division of the Property on Remand

The trial court has authority under the Family Code to order temporary support under the following terms:

> After a petition for divorce or annulment or to declare a marriage void is filed, the court, on the motion of any party or on the court's own motion, may make any appropriate order, including the granting of a temporary injunction, after notice and hearing, for the preservation of the property and protection of the parties as deemed necessary and equitable, including but not limited to an order directed to one or both parties:
>
> . . .
>
> (2) requiring the support of either of the spouses;
>
> . . .
>
> (4) ordering payment of reasonable attorney's fees and expenses:
>
> . . .

TEX. FAM.CODE ANN. § 3.58(c) (repealed).[2]

In addition, the Family Code further provides that the trial judge may order payments for support of a spouse "until a final decree is entered." TEX. FAM.CODE ANN. § 3.59 (repealed).[3]

Julius argues that the issue of divorce has become final and that a petition for divorce is no longer pending so as to give the trial court the authority to order temporary support under section 3.58(c).

■ We agree with Julius that the parties are actually divorced as of the date that the trial judge orally pronounces them divorced from the bench, absent some challenge to that decree on appeal. *See Galbraith v. Galbraith,* 619 S.W.2d 238, 240 (Tex.Civ.App.—Texarkana 1981, no writ); *Underhill v. Underhill,* 614 S.W.2d 178, 181 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). Thirty days after that decree, they are each then free to remarry someone else. *See* TEX. FAM. CODE ANN. § 3.66 (repealed);[4] *Galbraith,* 619 S.W.2d at 240.

Therefore, although the division of the community estate may be reversed and remanded on appeal, the marital status of

---

1. See now TEX. FAM.CODE ANN. § 6.507 (Vernon 1998). Because the underlying divorce in the present case was filed before the Family Code was amended in 1997, we cite to the prior law.

2. See now TEX. FAM.CODE ANN. § 6.502 (Vernon 1998).

3. See now TEX FAM.CODE ANN. § 6.502 (Vernon 1998).

4. See now TEX FAM.CODE ANN. § 6.801 (Vernon 1998).

the parties is not extended beyond the date of the original decree of divorce, and the nature and extent of their community property is fixed as of that date. A remand merely for division of the property, in other words, does not prolong the marriage relationship until the decree is final after the remand. *Gordon v. Blackmon*, 675 S.W.2d 790, 793–94 (Tex.App.—Corpus Christi 1984, orig. proceeding) (request for discovery of alleged additions to community property following remand).

■ However, under the Texas Family Code, division of a marital estate is not severable at trial from the rest of a divorce proceeding. *See* Tex. Fam.Code Ann. § 3.63 (repealed);[5] *Dawson–Austin v. Austin*, 968 S.W.2d 319, 324 (Tex.1998). Therefore, it is error for a trial judge to sever the issue of property rights from the issue of divorce, and until the property of the parties has been disposed of no final divorce judgment exists. *Biaza v. Simon*, 879 S.W.2d 349, 355 (Tex.App.—Houston [14th Dist.] 1994, writ denied); *Odom v. Odom*, 683 S.W.2d 135, 137 (Tex.App.— San Antonio 1984, writ ref'd n.r.e.). The court in *Odom* explained that the claims are not severable because "the property rights of the parties are part of the very divorce itself." *Id.* at 137.

■ Nevertheless, unlike the trial court, the appellate court does have the authority to affirm and sever the issue of divorce and remand for re-division of the property alone. *See In the Matter of the Marriage of Knighton*, 685 S.W.2d 719, 723 (Tex.App.—Amarillo 1984, no writ) (on rehearing). Even with a partial remand for division of the property, however, the marital "community estate" does not disappear with the issue of divorce but remains to be divided by the trial court. *See Jacobs v. Jacobs*, 687 S.W.2d 731, 731– 32 (Tex.1985) (remanding "the entire community estate for a new division and affirm the remainder of the judgment").

The property division is "again tried upon appropriate pleading as a severable but undisposed of part of plaintiff's original cause of action [for divorce]." *Hursey v. Hursey*, 165 S.W.2d 761, 766 (Tex.Civ. App.—Dallas 1942, writ dism'd w.o.j.). Accordingly, a suit for divorce necessarily includes both the divorce itself and the division of the marital estate, and the underlying lawsuit for divorce remains pending until both issues have been finally disposed of and a final decree has been entered.

■ Because the suit for divorce thus remains pending before the trial court on remand at least to the extent that the division of the marital estate is incomplete, the trial court retains jurisdiction under sections 3.58(c) and 3.59 to issue temporary orders for Fay's support. In a related context, the majority of the courts of appeals to examine whether a spouse is entitled to temporary support on appeal under Tex. Fam.Code Ann. § 3.58(h) (repealed),[6] have concluded that it is irrelevant that neither spouse has challenged the underlying divorce and that the property division is the only issue on appeal. *See In the Matter of the Marriage of Joiner*, 755 S.W.2d 496, 499 (Tex.App.—Amarillo 1988, no writ); *Eikenhorst v. Eikenhorst*, 746 S.W.2d 882, 891 (Tex.App.— Houston [1st Dist.] 1988, no writ); *but see Grossnickle v. Grossnickle*, 935 S.W.2d 830, 848 (Tex.App.—Texarkana 1996, writ denied) (there is no right to spousal support during the appeal when neither party appeals the granting of the divorce itself). The holding in *Joiner* and *Eikenhorst* recognizes, as does this Court in the present situation on remand, that the dissolution proceeding as a whole is not complete until the property has been finally divided.

■ A temporary support order is a perfectly legitimate means of protecting the welfare of a financially dependent spouse between the time a petition is filed

---

5. See now Tex. Fam.Code Ann. § 7.001 (Vernon 1998).

6. See now Tex. Fam.Code Ann. § 6.709 (Vernon 1998).

and divorce is granted. *Garduno v. Garduno*, 760 S.W.2d 735, 742 (Tex.App.—Corpus Christi 1988, no writ). The financially dependent spouse who remains dispossessed of his or her access to the community estate on appeal and remand has the same need for protection and financial support until that property is finally divided. *See Clay v. Clay*, 550 S.W.2d 730, 735 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ). Moreover, upon final division, the equities of the parties and final adjustments for the amount of temporary support may be taken into consideration in making a just and right division of the marital estate. *See Bagby v. Bagby*, 186 S.W.2d 702, 708 (Tex.Civ.App.—Amarillo 1945, no writ); *Williams v. Williams*, 60 Tex.Civ.App. 179, 125 S.W. 937, 940 (1910, writ dism'd).

■ In the present case, temporary support is particularly appropriate, since Julius maintains control over the vast majority of the marital estate and Fay has a minimal ability to support herself without some access to the assets in that estate. Julius' obligation to continue to support Fay flows not from the continuation of the marriage relationship, but out of necessity pending a final division of the marital estate. Accordingly, we conclude that the trial court properly entered the present order as temporary support under the Family Code, and that mandamus, rather than an interlocutory appeal, is the proper means to challenge the order.

### Amount of Temporary Support and Attorney's Fees

■ The trial court has broad, though not unlimited, discretion in making temporary orders for support and attorney's fees during the course of divorce proceedings, and the trial court's order will not be disturbed absent an abuse of that discretion. *See Villasenor v. Villasenor*, 911 S.W.2d 411, 420 (Tex.App.—San Antonio 1995, no writ); *Florence v. Florence*, 388 S.W.2d 220, 224 (Tex.Civ.App.—Tyler 1965, writ dism'd w.o.j.); *Allen v. Allen*, 366 S.W.2d 650, 651 (Tex.Civ.App.—Amarillo 1963, no writ).

■ Specifically, temporary support pending divorce has for its purpose the maintenance of the family until the final decree. It is not a property right, but is to be determined by the consideration of the needs of the applicant. *Russell v. Russell*, 79 S.W.2d 639, 640 (Tex.Civ.App.—Fort Worth 1934, writ dism'd w.o.j.). Therefore, temporary support should be awarded based on considerations of both the degree to which the applicant is destitute of means to pay for his or her necessities during the pendency of the suit, and the ability of the requested spouse to pay. *Id.* at 640. The earliest authority on the subject states that "where the wife has a separate income adequate to her maintenance, the husband is not liable for [temporary support]." *Wright v. Wright*, 6 Tex. 29, 32–33 (Tex.1851).

■ In the present case, Fay Herschberg testified at the hearing on temporary orders that she presently earns $1,000 a month as a sales clerk, and that the bankruptcy court had also ordered Julius to make payments of $5,000 per month to her. Fay testified to a list of her monthly expenses that totaled some $5,090. Nevertheless, Fay asked the trial court to order an increase in the amount of support to $8,500 per month. Fay offered no evidence that she needed this increase, aside from the disparity between her standard of living and the standard of living that Julius allegedly enjoyed while the divorce action has been pending. The trial court awarded Fay $8,000 per month temporary support.

■ However, as the cases suggest, temporary support is only meant to pay for necessary expenses. Therefore, it is not proper to use a temporary support order to make an interim division of the property or to equalize the standard of living for each party pending a final division. Because the evidence in the present case showed that the support already being paid to Fay is sufficient to meet her

monthly expenses, the trial court abused its discretion in ordering an increase.[7]

■ With regard to attorney's fees, there is no specific guidance in section 6.502 to suggest how the amount of expected attorney's fees is to be calculated. We conclude that, as with temporary support, the award of temporary attorney's fees must be based on the needs of the applicant as weighed against the ability of the opposing party to pay such fees. *See Russell,* 79 S.W.2d at 640.

The danger to be guarded against is that the spouse in control and possession of the bulk of the marital estate will use that control to his or her advantage in the adversary process, leaving the other spouse with inferior representation and at a disadvantage with regard to the division of property. Moreover, unlike an ordinary trial in which there is no community of interest between the litigants, in a divorce proceeding the funds which assist one party are often drawn from the community interest to which the other party has an equal right. *Cf. Travelers Indem. Co. v. Mayfield,* 923 S.W.2d 590, 595 (Tex.1996) (generally disapproving a pre-trial order requiring party to advance the litigation costs of the opposition because it "radically skews the procedural dynamics of the case").

■ Because of the uncertainties of future litigation and of the legal and factual issues that may arise, temporary orders are only an estimate of the actual attorney's fees and costs. As long as there is a credible showing of the need for attorney's fees in the amount requested and the ability of the opposing spouse to meet that need, the trial court has authority by temporary orders to require the payment of such fees. However, the trial court may not make the opposing party destitute in order to pay the applicant's support and fees.

■ In the present case, Fay's attorney, Ted Hirtz, testified to her need for "first rate legal representation" in order to counter the legal assistance being given to Julius. Hirtz testified to a total cost of $300,000 to prepare the present case for trial, and that the costs and expenses will run $30,000 to $35,000 per month.

However, the evidence at the hearing showed that Julius presently earns $150,-000 per year in salary, and that the monthly income he receives from the marital estate is only around $1,385. Moreover, while the marital estate had a stipulated value of $4,066,888 when the divorce proceeding was first called for trial, those assets are now within the protection of the bankruptcy court. Although the bankruptcy court remanded for trial and division of the marital estate, it did not indicate that such property could be invaded prior to division in order to pay the opposing party's attorney's fees.

The present order for attorney's fees of $27,000 per month, or $324,000 per year, when combined with support payments of $8,000 per month, or $96,000 per year, obligated Julius to pay a total of $420,000 per year for Fay's support and attorney's fees. The evidence at the hearing conclusively showed this to be beyond Julius' ability without invading property subject to the control of the bankruptcy court. Accordingly, we conclude that the trial court abused its discretion in ordering Julius to pay attorney's fees beyond his present ability to pay.

We order the appeal in Cause No. 13–98–631–CV dismissed for want of jurisdiction. We conditionally grant the petition for writ of mandamus in Cause No. 13–99–029–CV, and order the trial court to vacate its orders for temporary support and attorney's fees. However, the writ will not issue unless the trial court refuses to comply with the opinion of this Court.

---

7. We note that Julius does not here complain of the order to the extent of the $5,000 amount that he is obligated to pay by virtue of the bankruptcy court's order.