In re Charles Roy Wymore 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-056-CV

IN RE CHARLES ROY WYMORE

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)
------------

I.  Introduction

In this original proceeding, Relator Charles Roy Wymore complains that the trial court abused its discretion by entering temporary orders requiring him to pay spousal support and real party in interest Karen Rose Wymore’s (RPI) interim attorney’s fees.  Based on the record before us, we hold that the trial court abused its discretion by entering temporary orders for spousal support and interim attorney’s fees.  Accordingly, we will conditionally grant the writ.

II.  Factual and Procedural Background

RPI filed for divorce on May 7, 2002.  On June 23, 2003, during the time that one child was still a minor, the trial court entered temporary orders requiring Relator to pay $1,523 biweekly in “family support,” which included child support and spousal support.  Relator counter-filed for divorce on October 29, 2003.  
A final decree of divorce was entered on August 23, 2004, at which time the minor child had emancipated. 

Relator filed a motion for new trial, which the trial court denied in a docket entry dated November 5, 2004.  Thereafter, Relator filed a notice of appeal on November 19, 2004 and requested a stay of judgment on November 29, 2004.  On December 3, 2004, the trial court granted a new trial.

On December 13, 2004, the trial court considered RPI’s request for temporary orders and heard the following testimony.  RPI testified that her monthly net income is $2,527.37.  In reliance on the prior divorce decree, RPI had already cashed in a portion of the stock options that she was awarded and testified that she had $18,000 of the $24,000 worth of proceeds from the sale still on hand.
  RPI admitted that Relator had signed over title to the marital residence to her and that it had approximately $40,000 in equity.
(footnote: 2)  
RPI stated that she lives alone in the house and that it has a mortgage payment of $1,311 per month.  RPI testified that she has received approximately 60% of the contents of the community bank account, 
100% of the funds resulting from the sale of certain community real estate for the benefit of the parties’ adult daughter, 
60% of Relator’s retirement benefits, along with certain shares of stock, and all of her own retirement benefits that accrued as a result of her employment during the marriage. 
 RPI submitted an exhibit showing that her monthly expenses, which included expenses relating to her adult daughter, total $6,780. 

Relator testified that he nets $2,100 biweekly or $4,200 per month. Relator testified as follows regarding his lack of any other income:

Q. Okay.  Did you take out a loan against the 40 percent of the 401(k) that you were left with?

A. Yes, I did.

Q. And what was that for?

A. I took that loan out to pay off $27,000 in credit cards and because it’s a better interest rate and I’m paying myself back in the 401(k).

Q. Okay.  Are you able to borrow any money from the 401(k) now?

A. No, I’m not.

Q. Okay.  Do they have a rule which you can only have one loan at a time?

A. One loan at a time and this one is for five years.

. . . .

Q. Okay.  Do you have any stock or stock options left that you could cash in?

A. No.  The next stock options available are in July of 2005.

Q. Okay.  And you don’t have any stock that you own separately, do you?

A. No, I do not.

Q. Okay.  You don’t have any savings, any checking, any other investments?

A. No, I don’t.

Q. Okay.  Do you have income other than what your--the 2100 you’re getting every two weeks at L-3?

A. No, I don’t.
(footnote: 3)

Relator submitted an exhibit showing that his reasonable minimum living expenses, excluding expenses related to his adult son, are $4,414.15.  RPI did not object to the exhibit.

With regard to attorney’s fees, RPI’s counsel testified that he would require interim attorney’s fees of approximately $38,000.  Relator’s counsel testified that RPI’s counsel’s requested attorney’s fees “are way out of line” because there is very little work that needs to be done on the case.  The fundamental issue remaining, and the focus of Relator’s motion for new trial, concerns the money “that was spent during the interim on the child’s college . . . and the math in calculating that.”

After hearing the above testimony, the trial court awarded RPI spousal support of $1,532 biweekly and ordered Relator to pay $15,000 in interim fees to RPI’s attorney.

III.  Standard of Review

An order for temporary support under the Texas Family Code is not appealable; it must be challenged by mandamus under an abuse of discretion standard.  
Herschberg v. Herschberg
, 994 S.W.2d 273, 276 (Tex. App.—Corpus Christi 1999, orig. proceeding)
.
  
Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law.  
Walker v. Packer
, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.  
Id.
  With respect to the resolution of factual issues or matters committed to the trial court’s discretion, we may not substitute our judgment for that of the trial court unless the relator establishes that the trial court could reasonably have reached only one decision and that the trial court’s decision is arbitrary and unreasonable.  
Id.
 at 839-40.  This burden is a heavy one.  
Canadian Helicopters, Ltd. v. Wittig
, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding).  Our review is much less deferential with respect to a trial court’s determination of the legal principles controlling its ruling because a trial court has no discretion in determining what the law is or in applying the law to the facts.  
Walker
, 827 S.W.2d at 840.  Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus.  
Id.

Absent extraordinary circumstances, mandamus will not issue unless relator lacks an adequate appellate remedy.  
In re Van Waters & Rogers, Inc.
, 145 S.W.3d 203, 210-11 (Tex. 2004) (citing 
Walker, 
827 S.W.2d at 839).  An appeal is inadequate for mandamus purposes when parties are in danger of permanently losing substantial rights, such as when the appellate court would not be able to cure the error, the party’s ability to present a viable claim or defense is vitiated, or the error cannot be made part of the appellate record.  
Id
.; 
Canadian Helicopters Ltd., 
876 S.W.2d at 306; 
Walker, 
827 S.W.2d at 843-44
.

IV.  Record Does Not Support Temporary Orders

Relator claims that the uncontroverted evidence proved that RPI had access to sufficient funds to meet her needs and to pay her attorney’s fees and that Relator should not be liable for temporary support or RPI’s attorney’s fees. RPI responds that there is ample evidence to support the trial court’s decision regarding spousal support and attempts to justify the slanted division by showing that the trial court, in the proceedings before a new trial was granted, made a finding that Relator committed adultery. 
 RPI also claims that her attorney’s fees of $38,805.60 are reasonable because Relator’s conduct during and after the original divorce proceedings exacerbated RPI’s attorney’s fees.
 
The trial court has broad, though not unlimited, discretion in making temporary orders for support and attorney’s fees during the course of divorce proceedings, and the trial court’s order will not be disturbed absent an abuse of that discretion.  
Herschberg
, 994 S.W.2d at 
278.  Specifically, temporary support pending divorce has for its purpose the maintenance of the family until the final decree.  
Id.
  It is not a property right but is to be determined by the consideration of the needs of the applicant.  
Id.
  Therefore, temporary support should be awarded based on considerations of both the degree to which the applicant is destitute of means to pay for his or her necessities during the pendency of the suit and the ability of the requested spouse to pay.  
Id.
  The earliest authority on the subject states that “where the wife has a separate income adequate to her maintenance, the husband is not liable for [temporary support].”  
Id.
 (citing 
Wright v. Wright
, 6 Tex. 29, 32-33 (1851)).

As with temporary support, the award of temporary attorney’s fees must be based on the needs of the applicant as weighed against the ability of the opposing party to pay such fees.  
Id.
 at 279 (citing 
Russell v. Russell
, 79 S.W.2d 639, 640 (Tex. Civ. App.—Fort Worth 1934, writ dism’d)).  As long as there is a credible showing of the need for attorney’s fees in the amount requested and the ability of the opposing spouse to meet that need, the trial court has authority by temporary orders to require the payment of such fees.  
Id.
  However, the trial court may not make the opposing party destitute in order to pay the applicant’s support and fees.  
Id.
 

Here, we review the evidence 
from the hearing on RPI’s Motion for Interim Support and Interim Attorney’s Fees.  
See Markowitz v. Markowitz
, 118 S.W.3d 82, 88 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (op. on reh’g) (stating that when motion for new trial is granted, original judgment is set aside and parties may proceed without prejudice from previous proceedings), 
cert. denied
, 125 S. Ct. 69 (2004).  Based on the testimony presented at that hearing, it appears that RPI has sufficient means to pay her attorney’s fees as well as to cover her necessities.  Despite this evidence, the temporary orders require Relator to pay RPI an amount equal to approximately 74.5% of his monthly income, leaving him with a little more than 25% of his monthly income, an amount inadequate to cover his minimum monthly needs.  Additionally, the facts show that Relator does not have access to any other assets at this time in order to obtain the funds necessary to pay the interim attorney’s fees.  Consequently, the record from the December 13, 2004 hearing on the temporary orders establishes that the trial court abused its discretion by ordering Relator to pay spousal support and interim attorney’s fees that are beyond his present ability to pay.  
See Herschberg
, 994 S.W.2d at 279 (holding trial court abused its discretion in ordering increase in spousal support where wife’s needs were already being met and trial court abused its discretion in ordering husband to pay wife’s attorney’s fees that were beyond his present ability to pay).

V.  Conclusion

We conditionally grant the writ.  The trial court is ordered to vacate the temporary orders signed January 6, 2005.  We are confident that the trial court will comply with this opinion within the next thirty days.  The writ will issue only if the trial court fails to comply
.

SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED: March 31, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Relator testified that he has no objection to RPI selling the house and keeping the equity.

3:
This testimony was uncontroverted.