COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-05-056-CV
  
  
IN 
RE CHARLES ROY WYMORE
 
 
 
------------
 
ORIGINAL 
PROCEEDING
 
------------
MEMORANDUM OPINION[1]
------------
I. Introduction
        In 
this original proceeding, Relator Charles Roy Wymore complains that the trial 
court abused its discretion by entering temporary orders requiring him to pay 
spousal support and real party in interest Karen Rose Wymore’s (RPI) interim 
attorney’s fees. Based on the record before us, we hold that the trial court 
abused its discretion by entering temporary orders for spousal support and 
interim attorney’s fees. Accordingly, we will conditionally grant the writ.
II. Factual and 
Procedural Background
        RPI 
filed for divorce on May 7, 2002. On June 23, 2003, during the time that one 
child was still a minor, the trial court entered temporary orders requiring 
Relator to pay $1,523 biweekly in “family support,” which included child 
support and spousal support. Relator counter-filed for divorce on October 29, 
2003. A final decree of divorce was entered on August 23, 2004, at which time 
the minor child had emancipated.
        Relator 
filed a motion for new trial, which the trial court denied in a docket entry 
dated November 5, 2004. Thereafter, Relator filed a notice of appeal on November 
19, 2004 and requested a stay of judgment on November 29, 2004. On December 3, 
2004, the trial court granted a new trial.
        On 
December 13, 2004, the trial court considered RPI’s request for temporary 
orders and heard the following testimony.  RPI testified that her monthly 
net income is $2,527.37. In reliance on the prior divorce decree, RPI had 
already cashed in a portion of the stock options that she was awarded and 
testified that she had $18,000 of the $24,000 worth of proceeds from the sale 
still on hand.  RPI admitted that Relator had signed over title to the 
marital residence to her and that it had approximately $40,000 in equity.[2]  RPI stated that she lives alone in the house and 
that it has a mortgage payment of $1,311 per month.  RPI testified that she 
has received approximately 60% of the contents of the community bank account, 
100% of the funds resulting from the sale of certain community real estate for 
the benefit of the parties’ adult daughter, 60% of Relator’s retirement 
benefits, along with certain shares of stock, and all of her own retirement 
benefits that accrued as a result of her employment during the marriage.  
RPI submitted an exhibit showing that her monthly expenses, which included 
expenses relating to her adult daughter, total $6,780.
        Relator 
testified that he nets $2,100 biweekly or $4,200 per month. Relator testified as 
follows regarding his lack of any other income:
  
Q.  Okay. Did you take out a loan against the 40 percent of the 401(k) that 
you were left with?
 
A.  
Yes, I did.
 
Q.  
And what was that for?
 
A.  
I took that loan out to pay off $27,000 in credit cards and because it’s a 
better interest rate and I’m paying myself back in the 401(k).
  
Q.  
Okay. Are you able to borrow any money from the 401(k) now?
  
A.  
No, I’m not.
 
Q.  
Okay.  Do they have a rule which you can only have one loan at a time?
 
A.  
One loan at a time and this one is for five years.
 
                         . 
. . .
 
Q.  
Okay.  Do you have any stock or stock options left that you could cash in?
 
A.  
No.  The next stock options available are in July of 2005.
 
Q.  
Okay.  And you don’t have any stock that you own separately, do you?
 
A.  
No, I do not.
 
Q.  
Okay.  You don’t have any savings, any checking, any other investments?
 
A.  
No, I don’t.
 
Q.  
Okay.  Do you have income other than what your--the 2100 you’re getting 
every two weeks at L-3?
 
A.  
No, I don’t.[3]
 
 
Relator 
submitted an exhibit showing that his reasonable minimum living expenses, 
excluding expenses related to his adult son, are $4,414.15.  RPI did not 
object to the exhibit.
        With 
regard to attorney’s fees, RPI’s counsel testified that he would require 
interim attorney’s fees of approximately $38,000.  Relator’s counsel 
testified that RPI’s counsel’s requested attorney’s fees “are way out of 
line” because there is very little work that needs to be done on the 
case.  The fundamental issue remaining, and the focus of Relator’s motion 
for new trial, concerns the money “that was spent during the interim on the 
child’s college . . . and the math in calculating that.”
        After 
hearing the above testimony, the trial court awarded RPI spousal support of 
$1,532 biweekly and ordered Relator to pay $15,000 in interim fees to RPI’s 
attorney.
III. Standard 
of Review
        An 
order for temporary support under the Texas Family Code is not appealable; it 
must be challenged by mandamus under an abuse of discretion standard.  Herschberg 
v. Herschberg, 994 S.W.2d 273, 276 (Tex. App.—Corpus Christi 1999, orig. 
proceeding).  Mandamus will issue only to correct a clear abuse of 
discretion or the violation of a duty imposed by law when there is no other 
adequate remedy at law.  Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 
1992) (orig. proceeding).  A trial court clearly abuses its discretion when 
it reaches a decision so arbitrary and unreasonable as to amount to a clear and 
prejudicial error of law.  Id.  With respect to the resolution 
of factual issues or matters committed to the trial court’s discretion, we may 
not substitute our judgment for that of the trial court unless the relator 
establishes that the trial court could reasonably have reached only one decision 
and that the trial court’s decision is arbitrary and unreasonable.  Id. 
at 839-40.  This burden is a heavy one.  Canadian Helicopters, Ltd. 
v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding).  Our 
review is much less deferential with respect to a trial court’s determination 
of the legal principles controlling its ruling because a trial court has no 
discretion in determining what the law is or in applying the law to the 
facts.  Walker, 827 S.W.2d at 840.  Thus, a clear failure by 
the trial court to analyze or apply the law correctly will constitute an abuse 
of discretion and may result in mandamus.  Id.
        Absent 
extraordinary circumstances, mandamus will not issue unless relator lacks an 
adequate appellate remedy.  In re Van Waters & Rogers, Inc., 145 
S.W.3d 203, 210-11 (Tex. 2004) (citing Walker, 827 S.W.2d at 839).  
An appeal is inadequate for mandamus purposes when parties are in danger of 
permanently losing substantial rights, such as when the appellate court would 
not be able to cure the error, the party’s ability to present a viable claim 
or defense is vitiated, or the error cannot be made part of the appellate 
record.  Id.; Canadian Helicopters Ltd., 876 S.W.2d at 306; Walker, 
827 S.W.2d at 843-44.
IV. Record Does 
Not Support Temporary Orders
        Relator 
claims that the uncontroverted evidence proved that RPI had access to sufficient 
funds to meet her needs and to pay her attorney’s fees and that Relator should 
not be liable for temporary support or RPI’s attorney’s fees.  RPI 
responds that there is ample evidence to support the trial court’s decision 
regarding spousal support and attempts to justify the slanted division by 
showing that the trial court, in the proceedings before a new trial was granted, 
made a finding that Relator committed adultery.  RPI also claims that her 
attorney’s fees of $38,805.60 are reasonable because Relator’s conduct 
during and after the original divorce proceedings exacerbated RPI’s 
attorney’s fees.
        The 
trial court has broad, though not unlimited, discretion in making temporary 
orders for support and attorney’s fees during the course of divorce 
proceedings, and the trial court’s order will not be disturbed absent an abuse 
of that discretion.  Herschberg, 994 S.W.2d at 278.  
Specifically, temporary support pending divorce has for its purpose the 
maintenance of the family until the final decree.  Id.  It is 
not a property right but is to be determined by the consideration of the needs 
of the applicant.  Id. Therefore, temporary support should be 
awarded based on considerations of both the degree to which the applicant is 
destitute of means to pay for his or her necessities during the pendency of the 
suit and the ability of the requested spouse to pay.  Id. The 
earliest authority on the subject states that “where the wife has a separate 
income adequate to her maintenance, the husband is not liable for [temporary 
support].”  Id. (citing Wright v. Wright, 6 Tex. 29, 32-33 
(1851)).
        As 
with temporary support, the award of temporary attorney’s fees must be based 
on the needs of the applicant as weighed against the ability of the opposing 
party to pay such fees.  Id. at 279 (citing Russell v. Russell, 
79 S.W.2d 639, 640 (Tex. Civ. App.—Fort Worth 1934, writ dism’d)).  As 
long as there is a credible showing of the need for attorney’s fees in the 
amount requested and the ability of the opposing spouse to meet that need, the 
trial court has authority by temporary orders to require the payment of such 
fees.  Id.  However, the trial court may not make the opposing 
party destitute in order to pay the applicant’s support and fees.  Id.
        Here, 
we review the evidence from the hearing on RPI’s Motion for Interim Support 
and Interim Attorney’s Fees.  See Markowitz v. Markowitz, 118 
S.W.3d 82, 88 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (op. on 
reh’g) (stating that when motion for new trial is granted, original judgment 
is set aside and parties may proceed without prejudice from previous 
proceedings), cert. denied, 125 S. Ct. 69 (2004).  Based on the 
testimony presented at that hearing, it appears that RPI has sufficient means to 
pay her attorney’s fees as well as to cover her necessities.  Despite 
this evidence, the temporary orders require Relator to pay RPI an amount equal 
to approximately 74.5% of his monthly income, leaving him with a little more 
than 25% of his monthly income, an amount inadequate to cover his minimum 
monthly needs.  Additionally, the facts show that Relator does not have 
access to any other assets at this time in order to obtain the funds necessary 
to pay the interim attorney’s fees.  Consequently, the record from the 
December 13, 2004 hearing on the temporary orders establishes that the trial 
court abused its discretion by ordering Relator to pay spousal support and 
interim attorney’s fees that are beyond his present ability to pay.  See 
Herschberg, 994 S.W.2d at 279 (holding trial court abused its discretion in 
ordering increase in spousal support where wife’s needs were already being met 
and trial court abused its discretion in ordering husband to pay wife’s 
attorney’s fees that were beyond his present ability to pay).
V. Conclusion
        We 
conditionally grant the writ.  The trial court is ordered to vacate the 
temporary orders signed January 6, 2005.  We are confident that the trial 
court will comply with this opinion within the next thirty days.  The writ 
will issue only if the trial court fails to comply.
  
  
                                                          SUE 
WALKER
                                                          JUSTICE
 
 
 
PANEL 
B:   DAUPHINOT, WALKER, and MCCOY, JJ.
 
DELIVERED: 
March 31, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Relator testified that he has no objection to RPI selling the house and keeping 
the equity.
3.  
This testimony was uncontroverted.