# NO. 12-24-00003-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *DANIEL LAROCK,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*
## *PER CURIAM*

Daniel LaRock filed this original proceeding to challenge Respondent's temporary order awarding temporary support to Real Party in Interest Daphne LaRock.[1]  We deny the writ.

### BACKGROUND

This proceeding arises out of a pending divorce between Daphne and Daniel.  On August 24, 2023, Respondent held a temporary orders hearing.  Subsequently, in an August 30 letter order, Respondent granted temporary support as requested by Daphne.  Specifically, according to Daphne's request for relief, $79,000 was held in trust by Farmer's Bank and from this amount, Daphne sought eight months of temporary support at $4,000 per month, for a total of $32,000.  Her request showed a balance of $11,164.  Respondent granted this request.  Daphne also sought temporary support of $5,000 per month going forward during the divorce suit's pendency.  Respondent denied this request.  Daniel filed this original proceeding on January 4, 2024.

---

[1] Respondent is the Honorable James A. Payne, Jr., Judge of the 273rd District Court in Shelby County, Texas.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.).

In determining whether the trial court abused its discretion in resolving underlying factual matters or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court and may not disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Therefore, to show an abuse of discretion in those matters, the relator must establish that the trial court could reasonably have reached only one decision and it did not do so. *Id.* at 840. Mandamus review of temporary orders in a suit for dissolution of marriage is proper because those orders, other than an order appointing a receiver, are not subject to interlocutory appeal. *In re Doyle*, No. 12-19-00317-CV, 2020 WL 219236, at *1 (Tex. App.—Tyler Jan. 15, 2020, orig. proceeding) (mem. op.); TEX. FAM. CODE ANN. § 6.507 (West 2020).

## ENTITLEMENT TO MANDAMUS RELIEF

For two reasons, we conclude that Daniel is not entitled to mandamus relief under the circumstances of this case.

First, Daniel failed to timely seek mandamus relief and failed to offer a justification for such delay. Mandamus is an extraordinary remedy and not an absolute right. *See Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993). "Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles." *Id.* "One such principle is that 'equity aids the diligent and not those who slumber on their rights.'" *Id.* (quoting *Callahan v. Giles*, 137 Tex. 571, 576, 155 S.W.2d 793, 795 (1941)). When the record fails to show that the relator acted diligently to protect his rights, relief by mandamus is not available. *See In re Hotze*, 627 S.W.3d 642, 646 (Tex. 2020) (orig. proceeding). "[U]nreasonable delay is calculated with reference to the mandamus petition's filing, not the issue that precipitated the request for a writ." *In re Episcopal School of Dallas, Inc.*, 556 S.W.3d 347, 360 (Tex. App.—Dallas 2017,

orig. proceeding); *see In re AAA Brothers Holdings, LLC*, No. 12-23-00210-CV, 2023 WL 6631952, at *4 (Tex. App.—Tyler Oct. 11, 2023, orig. proceeding) (mem. op.).

"An unexplained delay of four months or more can constitute laches and result in denial of mandamus relief." *In re Webber, LLC*, No. 05-20-00564-CV, 2020 WL 3496279, at *1 (Tex. App.—Dallas June 29, 2020, orig. proceeding) (mem. op.). Here, Daniel waited just over four months to file a petition for writ of mandamus challenging Respondent's letter order. The record does not reveal a justification for this delay. *See In re Am. Airlines, Inc.*, 634 S.W.3d 38, 43 (Tex. 2021) (per curiam) (orig. proceeding) ("a relator who unduly or unreasonably delays filing a petition for mandamus relief may waive its right to such relief unless the delay is justified"); *see also In re J.A.L.*, 645 S.W.3d 922, 924 (Tex. App.—El Paso 2022, orig. proceeding) ("a court may properly deny mandamus relief when the record does not reveal a justification for the delay in filing a petition for writ of mandamus"); TEX. R. APP. P. 52 (generally, party seeking mandamus relief must bring forward all that is necessary to establish claim for mandamus relief). By waiting over four months to seek mandamus relief and failing to even address the delay, much less offer a justification, Daniel failed to act diligently to protect his rights. *See Rivera*, 858 S.W.2d at 367-68 (denying mandamus petition in light of relator's four-month delay in seeking relief); *see also In re Saldivar*, No. 13-17-00648-CV, 2017 WL 5760319, at *5-6 (Tex. App.—Corpus Christi Nov. 28, 2017, orig. proceeding) (mem. op.) (four-month delay waived right to mandamus relief). Accordingly, Daniel waived his right to mandamus relief.

Second, Daniel's petition fails to comply with appellate Rule 52.3(h)'s requirement that a mandamus petition contain clear and concise arguments for the contentions made, with *appropriate* citations to authorities and the appendix or record. *See* TEX. R. APP. P. 52.3(h). Daniel's arguments that Respondent abused his discretion by awarding temporary support are based on family code Sections 8.051(2)(B) and 8.053(a).[2] Section 8.051 provides, in pertinent part, as follows:

---

[2] Specifically, Daniel maintains that Respondent abused his discretion by awarding temporary support because Daphne "did not lack sufficient property to provide for her minimum reasonable needs and because there was insufficient evidence to overcome the presumption that spousal maintenance is not warranted." He further contends that the record contains no evidence showing that Daphne is not meeting her reasonable basic needs or attempted to "exercise diligence in developing the necessary skills to provide for her minimum reasonable needs during a period of separation and during the time the suit for dissolution of the marriage has been pending."

> In a suit for dissolution of a marriage or in a proceeding for maintenance in a court with personal jurisdiction over both former spouses following the dissolution of their marriage by a court that lacked personal jurisdiction over an absent spouse, the court may order maintenance for either spouse only if the spouse seeking maintenance will lack sufficient property, including the spouse's separate property, *on dissolution of the marriage* to provide for the spouse's minimum reasonable needs and …the spouse seeking maintenance … has been married to the other spouse for 10 years or longer and lacks the ability to earn sufficient income to provide for the spouse's minimum reasonable needs[.]

TEX. FAM. CODE ANN. § 8.051(2)(B) (West 2020) (emphasis added). There is a rebuttable presumption that maintenance is not warranted under Section 8.051(2)(B) unless the spouse seeking maintenance exercised diligence in "(1) earning sufficient income to provide for the spouse's minimum reasonable needs; or (2) developing the necessary skills to provide for the spouse's minimum reasonable needs during a period of separation and during the time the suit for dissolution of the marriage is pending." *Id*. § 8.053 (West 2020). However, these sections apply to a maintenance order on dissolution of marriage. *See **In re McKusker***, No. 09-17-00486-CV, 2018 WL 355671, at *1 (Tex. App.—Beaumont Jan. 11, 2018, orig. proceeding) (per curiam) (mem. op.) (noting that statute relied on, Section 8.055 addressing the amount of maintenance, applies to a maintenance order issued on dissolution of marriage and did not prohibit court from ordering temporary support during pendency of divorce suit); *see also **Kelly v. Kelly***, 634 S.W.3d 335, 363 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (Chapter 8 of family code "governs the award of spousal maintenance in a divorce decree"). Here, Respondent ordered temporary support. Thus, Chapter 8 does not apply.

Rather, Section 6.502 applies to temporary orders and provides, in pertinent part, that:

> While a suit for dissolution of a marriage is pending and on the motion of a party or on the court's own motion after notice and hearing, the court may render an appropriate order, including the granting of a temporary injunction for the preservation of the property and protection of the parties as deemed necessary and equitable and including an order directed to one or both parties … requiring payments to be made for the support of either spouse[.]

TEX. FAM. CODE ANN. § 6.502(a)(2) (West Supp. 2023). By its plain language, Section 6.502 does not contain the same requirements as Chapter 8.[3] The cases to which Daniel cites involve

---

[3] A party seeking temporary support still must show a need for support. "[T]emporary support is only meant to pay for necessary expenses." ***Herschberg v. Herschberg***, 994 S.W.2d 273, 278 (Tex. App.—Corpus Christi 1999, orig. proceeding). "A temporary support order is a means of protecting the welfare of a financially dependent spouse between the time a petition is filed and divorce is granted." ***Graham v. Turner***, No. 12-14-00336-CV, 2015 WL 6560577, at *6 (Tex. App.—Tyler Oct. 30, 2015, no pet.) (mem. op.) (citing ***Herschberg***, 994 S.W.2d at 277-78). It is determined by considering the applicant's needs. *Id*. (citing ***Herschberg***, 994 S.W.2d at 278).

spousal maintenance, not support awarded in a temporary order. *See **Dalton v. Dalton***, 551 S.W.3d 126, 129, 132 (Tex. 2018) (orders enforcing agreed spousal-support obligation incorporated into final decree); *see also **Kelly***, 634 S.W.3d at 344-45, 363 (award of spousal maintenance in divorce decree); ***McCollough v. McCollough***, 212 S.W.3d 638, 648 (Tex. App.—Austin 2006, no pet.) (addressing whether chapter 8 applies to alimony obligation) ***Cooper v. Cooper***, 176 S.W.3d 62, 63 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (appeal from divorce decree awarding spousal maintenance); ***O'Carolan v. Hopper***, 71 S.W.3d 529, 531 (Tex. App.—Austin 2002, no pet.) (challenge to final decree awarding spousal maintenance); ***Cardwell v. Sicola-Cardwell***, 978 S.W.2d 722, 723-24 (Tex. App.—Austin 1998, pet. denied) (suit to enforce spousal support agreement incorporated into final divorce decree).

It is not this Court's duty, or even right, to conduct an independent review of the record and applicable law to determine whether there was error. ***Interest of A.E.***, 580 S.W.3d 211, 219 (Tex. App.—Tyler 2019, pet. denied). Were we to do so, we would be abandoning our role as neutral adjudicators and become an advocate for that party. *Id*. Rule 52.3(h) requires that a relator provide substantive legal analysis and citations to authority supporting his legal arguments and conclusions. *See **Fitzgerald***, 429 S.W.3d at 897. Because Daniel failed to cite appropriate legal authority in support of his arguments and conclusions, his complaint is waived. *See id*. (mandamus complaint waived where relator's argument consisted of mere conclusions unaccompanied by any discussion of *applicable* legal principles or *controlling* authority).

### DISPOSITION

Having concluded that Daniel waived his right to mandamus relief, we ***deny*** the petition for writ of mandamus.

Opinion January 24, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

Specifically, "temporary support should be awarded based on considerations of both the degree to which the applicant is destitute of means to pay for her necessities during the pendency of the suit, and the ability of the requested spouse to pay." *Id*. A trial court has broad, though not unlimited, discretion in making temporary support orders during the course of divorce proceedings. *Id*.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 24, 2024**

**NO. 12-24-00003-CV**

**DANIEL LAROCK,**
Relator
V.

**HON. JUDGE JAMES (JIM) A. PAYNE JR.,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Daniel LaRock; who is the relator in appellate cause number 12-24-00003-CV and a party to trial court cause number 22D36265, pending on the docket of the 273rd Judicial District Court of Shelby County, Texas. Said petition for writ of mandamus having been filed herein on January 4, 2024, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*